J-A02001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY J. MOLINARO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NEMACOLIN WOODLANDS, INC. | : | No. 692 WDA 2021 |
| T/D/B/A NEMACOLIN WOODLANDS | : | |
| RESORT | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GREG VERNOSKY AND GREG | : | |
| VERNOSKY CARPET D/B/A GREG | : | |
| VERNOSKY CARPETS, INC. | : | |

Appeal from the Order Entered April 5, 2021
In the Court of Common Pleas of Fayette County Civil Division at No(s):
Docket No. 1661 of 2016 GD

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                **FILED: FEBRUARY 8, 2022**

Appellant, Anthony J. Molinaro, appeals from the order entered on April 5, 2021, granting a joint motion for summary judgment filed by Nemacolin Woodlands, Inc., t/d/b/a Nemacolin Woodlands Resort (Nemacolin), and Greg Vernosky and Greg Vernosky Carpet, d/b/a Greg Vernosky Carpets, Inc. (Vernosky Carpet), (collectively, Appellees) and dismissing Appellant's complaint.  Upon review, we are constrained to vacate the order and remand for additional proceedings.

---

* Retired Senior Judge assigned to the Superior Court.

We briefly summarize the facts and procedural history of this case as follows. On August 23, 2016, Appellant filed a complaint against Nemacolin alleging that, because of Nemacolin's negligence, he sustained injuries in his guest room while staying at the resort as a business invitee on December 17, 2014. More specifically, Appellant claimed that he tripped and fell on raised carpeting that was unsecured, that Nemacolin was negligent because it knew of the dangerous condition, and he was entitled to damages for injuries allegedly sustained from his fall. Nemacolin joined Vernosky Carpet as an additional defendant.

On December 10, 2020, Appellees filed a joint motion for summary judgment. In that motion, Appellees alleged, *inter alia*:

> [Appellant] testified at [a] deposition that he was sitting in a chair in his room and got up to go the bathroom. Despite no reference to the carpeting at the time of the fall, [Appellant] testified that he stood up and stepped down and felt something move underneath his foot, then turned and started falling forward. He testified it felt like the carpet was actually "moved or rolled of some nature." He did not notice anything wrong with the carpet before he fell. He claims the carpet was not attached or adhered [to the underlying floor surface].

Joint Motion for Summary Judgment, 12/10/2020, at 4, ¶15, *citing* Exhibit E, Appellant's Deposition, 4/12/2018, at 53-56. Appellees attached to their joint motion for summary judgment a transcript of Appellant's deposition taken on April 12, 2018. *Id.* at Exhibit E.

Appellant responded to the joint motion for summary judgment on January 28, 2021. In his response, Appellant referenced his deposition

testimony and asserted that, notwithstanding the averments set forth in the joint motion filed by Appellees, genuine issues of material fact precluded the entry of summary judgment in Appellees favor. **See** Response to Motion for Summary Judgment, 1/28/2021 at ¶ 15 (unpaginated) ("[Appellant] testified at his deposition that he did not notice the defect in the carpet prior to the fall[.]"); **see also id.** at ¶ 18 (unpaginated) ("It is admitted that [Appellant] stated that he tripped over a defect in the carpet which caused him to fall."). Further, Appellant's brief in opposition to the motion for summary judgment declared:

> [Appellant] experienced his fall while attempting to traverse to the restroom in his room, stating that he felt the carpeting roll and move underneath him causing him to trip and become injured.
>
> *        *        *
>
> [Appellant] has provided testimony that the fall was caused by a defective/dangerous condition in the carpeting of his room. As owner of the facility, [Nemacolin] had a duty to inspect said rooms to make sure they are safe for their guests. Clearly, [Appellees] breached said duty as they allowed the carpeting to be loose and cause a defective/dangerous condition to exist. [Appellant] testified that he fell as a result and suffered severe and permanent injuries. There is still [the] issue of whether or not the fall was caused by alleged defective carpeting. While [Appellees] set forth the proposition that [Appellant's] fall was caused by a cervical injury and/or alcohol consumption, they have produced no definitive evidence of such. As such, it is mere speculation.

Brief in Opposition to Summary Judgment, 1/28/2021, at *3-4 (unpaginated).

On February 8, 2021, the trial court held argument on the matter. On May 4, 2021, the trial court issued an opinion and order granting Appellees'

joint motion for summary judgment and dismissing Appellant's complaint. The trial court determined:

> On December 17, 2014, [Appellant] checked into room 1518 at the Nemacolin Resort. He walked around the resort, drank alcohol and returned to his hotel suite and continued to drink more alcohol. He got up from a chair in his room and initially reported that he "twisted" and fell to the floor, unable to stand or move from his waist to his feet. When his friend arrived at the resort, [Appellant] did not respond to her telephone calls so a security check was requested. [Appellant] was found on the floor shortly after 1:00 a.m. Paramedics responded to [Nemacolin] and transported him to a Pittsburgh hospital. [Appellant] informed the paramedics that he was scheduled for back surgery [in 2015]. They noticed an odor of alcohol about [Appellant's] person and he admitted that he had been drinking. He informed the paramedics that he had a prior trauma from a past assault. [Appellant's] blood alcohol [content (BAC)] was found to be elevated.
>
> [Appellant] stated at his disposition that "something moved or rolled under his foot" causing him to trip and fall. Prior to his fall, [Appellant] testified that he had no prior disability nor did he have any prior cervical injury. When presented with his medical records, [Appellant] admitted that he had seen a physician prior to his visit at the resort. In early December 2014, days before he checked into the resort [] a neurologist saw [Appellant] for issues with leg weakness, ataxic gait, difficulty ambulating, and one reported fall. The neurologist informed him that [] MRI results indicated that [Appellant] had a large disc herniation [] which was causing issues with his right arm and his ataxic gait. [Appellant] was advised that he needed decompression surgery immediately and was cautioned against physical activity. [Appellant] refused immediate surgery and was informed that failure to treat could result in irreversible myelopathy damage.
>
> [Appellees'] expert [] review[ed Appellant's] medical records [and] determined that the sensations felt by [Appellant] were the result of his spinal cord compression and not the result of the condition of the flooring. He opined that the fall was caused by [Appellant's] underlying unsteadiness and ataxic gait.

> [Appellees] submitted photos of the room which failed to show any unattached carpet or any defect which would cause [Appellant] to trip. [Appellant] presented no evidence that corroborated [his assertion] that the carpet was damaged and not properly adhered to the floor. Nor was there any evidence presented that there were any complaints about the carpet prior to his fall and no reports of repairs to the carpet after his fall.

Trial Court Opinion, 5/4/2021, at *2-3 (unpaginated). Accordingly, the trial court concluded that Appellant failed to demonstrate that a hazardous condition, known or discoverable to Nemacolin through reasonable diligence, caused his fall and alleged injuries and supported a cause of action for negligence. The court therefore granted Appellees' joint motion for summary judgment and dismissed Appellant's complaint. *Id.* at *4-5. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Did the trial court err when it sustained [Appellees'] joint motion for summary judgment and dismiss[ed] [Appellant's complaint], finding that [as a] business invitee[, Appellant] failed to establish a genuine issue of material fact with regards to the negligence action against [Appellees?]

2. Did the trial court err when it sustained [Appellees'] joint motion for summary judgment and dismiss[ed] [Appellant's complaint], finding that [Appellant] failed to establish whether there was a defect in the carpet, such as being loose, raised and unsecured and thereby failing to establish the existence of a hazardous condition[?]

---

[1] On June 1, 2021, Appellant filed a notice of appeal. On the same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on June 17, 2021. On July 30, 2021, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) which mirrored its prior decision issued on May 4, 2021.

   3. Did the trial court err when it granted [Appellees'] joint motion for summary judgment and dismiss[ed] [Appellant's complaint], finding that [Appellant] failed to meet the burden of establishing defects in the carpet, that [Appellees] were aware of said defects, and that [Appellees] failed to take necessary steps to correct the defects[?]

Appellant's Brief at 5 (some capitalization omitted).

All three of Appellant's issues are interrelated, therefore, we will examine them together. Appellant asserts that he "experienced his fall while attempting to traverse to the restroom in his room, stating that he felt the carpeting roll and move underneath him which caused him to trip[, fall, and sustain injury]." *Id.* at 12. Appellant claims that at the time of his fall, "there were renovations being done to the rooms, and specifically the room [] where Appellant fell[.]" *Id.* Appellant claims Nemacolin knew of the carpet defect, failed to cure it, and the defect caused his fall. *Id.* As such, Appellant argues that Nemacolin breached its duty to keep the premises safe for business invitees. *Id.* at 12-13. Appellant maintains that genuine issues of material fact existed as to whether a hazardous condition or a defect in the carpet caused his fall. *Id.* at 13. Appellant argues that there was no indication of when photographs of the carpet at issue as submitted by Appellees "were actually taken, thus creating a question of material fact as to if the carpet was actually defective." *Id.* at 14. Furthermore, Appellant asserts that "evidence of Appellant's alleged cervical injuries prior to his fall does not absolve [Appellees] of liability when his fall actually occurred due to their negligence" because "[e]ven if Appellant's pre-existing conditions contributed in some way to the 'sensations' he felt at the moment of his fall, Appellant should be

- 6 -

allowed to continue this action to determine the amount, if any, that [Appellees] contributed to the injury complained of in this action." ***Id.*** at 14-15. Appellant argues that Nemacolin had a duty to inspect his room and that Vernosky Carpet had a duty to properly install the carpet. ***Id.*** at 17.

Our Supreme Court has previously determined that

> summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question [the appellate court] standard of review is *de novo*. This means [the appellate court] need not defer to the determinations made by the lower tribunals.

> To the extent that [an appellate court] must resolve a question of law, [the appellate court] shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (internal quotations and citations omitted).

"Where a motion for summary judgment has been made and properly supported, parties seeking to avoid the imposition of summary judgment must

show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial." ***Marks v. Tasman***, 589 A.2d 205, 206 (Pa. 1991); ***see also*** Pa.R.C.P. No. 1035.1 (The "record," in ruling on a motion for summary judgment, "includes any [] pleadings, [] depositions, answers to interrogatories, admissions and affidavits"). "[T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion [for summary judgment] identifying [] one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion[.]" Pa.R.C.P. 1035.3(a)(1).

We have held:

[S]ummary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.

***Gutteridge v. A.P. Green Servs., Inc.***, 804 A.2d 643, 651 (Pa. Super. 2002) (internal citations omitted);

This Court has explained:

In determining the existence or non-existence of a genuine issue of a material fact, [] a court may not summarily enter a judgment where the evidence depends upon oral testimony.

However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the fact-finder to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the

court to award a new trial if it should deem the verdict contrary to the weight of the evidence.

*DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 595 (Pa. Super. 2013) (internal citation and original brackets omitted); *see also Broadwater v. Sentner*, 725 A.2d 779, 784 (Pa. Super. 1999) ("[A witness'] credibility is a determination for the jury and necessarily creates a genuine issue of material fact."); *see also Gutteridge*, 804 A.2d at 652 (internal citations omitted) ("Credibility is a matter for the [factfinder], as is the weight to be accorded to particular pieces of evidence.  Moreover, credibility of evidence is not a proper consideration at the summary judgment stage because the trial court may not summarily enter judgment when the evidence depends on oral testimony.").

Here, viewing the record evidence in the light most favorable to Appellant as the non-moving party as required, we are constrained to conclude that summary judgment was not warranted.  In their joint motion for summary judgment Appellees cited Appellant's deposition testimony and filed a transcript of the deposition in the certified record.  Moreover, in response to the joint motion for summary judgment, Appellant relied upon specific facts from his deposition to show genuine issues requiring resolution at trial.  At his deposition, Appellant testified that he fell as a result of bulging or unadhered carpet.  This testimony raised genuine issues as to the cause of Appellant's fall and the condition of the flooring in Appellant's room.  Tellingly, the trial court entered summary judgment after finding, in part, that "[Appellant] presented no evidence that **corroborated** [his assertion] that the carpet was

damaged and not properly adhered to the floor." Trial Court Opinion, 5/4/2021, at *2-3 (emphasis added). At summary judgment, the trial court was not free to reject the credibility of Appellant's deposition testimony in this manner. Because it is the sole province of the factfinder at trial to determine the credibility of witnesses, including Appellant, the trial court erred in summarily entering judgment. Accordingly, this Court must conclude that the trial court erred as a matter of law in granting Appellees' joint motion. Therefore, we are constrained to vacate the trial court's order and remand for additional proceedings.

Order vacated. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/8/2022